FILED
2019 Jul-08 AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| EVERETT GENE PARKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No.: 4:18-cv-00210-JEO |

## **MEMORANDUM OPINION**

Plaintiff Everett Gene Parker appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for supplemental security income ("SSI") under the Social Security Act. (Doc. 1).[1] Parker timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for review. For the reasons discussed below, the court finds that the Commissioner's decision is due to be affirmed.[2]

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

[2] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 19).

**I. Procedural History**

Parker was fifty-five years old at the time of the hearing. (R. 34).[3] He graduated from high school and attended special education classes. (*Id.*). Parker can read and write and do simple math. (R. 25). His past work history includes fast food preparation, work at a poultry plant, and hand packager at a car part manufacturer. (R. 35-37, 47-48). His last job was at Jack's in 2006. (R. 35-36). He has not looked for work since he last worked. (R. 37).

Parker alleges he became disabled on March 22, 2012. (R. 19, 143). The Social Security Administration ("SSA") denied his claims initially, (R. 83-87), Parker requested a hearing before an Administrative Law Judge ("ALJ"). A video hearing was held on July 5, 2017. (R. 30-50). Following the hearing, the ALJ denied his claim. (R. 19-26). Parker appealed the decision to the Appeals Council ("AC"). After reviewing the record, the AC declined to further review the ALJ's decision. (R. 1-6). That decision became the final decision of the Commissioner and is now ripe for review. *See Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).

---

[3] References herein to "R. __" are to the administrative record found at Docs. 6-1 through 6-8 in the court's record.

## II. Statutory and Regulatory Framework

To establish his eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 416.920(b).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id* "Under the first step, the claimant has the burden to show that []he is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[4] If the claimant is engaged in substantial gainful activity, the Commissioner will determine the claimant is not disabled. At the first step, the ALJ determined Parker has not engaged in substantial gainful activity since April 27, 2015, the date of his application. (R. 21).

If a claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental

---

[4] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 416.920 (a)(4)(ii) & (c). An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." *See id.* at § 416.921. Furthermore, it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." *Id.*; *see also* 42 U.S.C. § 423(d)(3). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 416.922(c).[5] "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a). A claimant may be found disabled based on a combination of impairments, even though none of his individual impairments

---

[5] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeking, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 416.922(b).

alone is disabling. 20 C.F.R. § 416.920 The claimant bears the burden of providing medical evidence demonstrating an impairment and its severity. *Id.* at § 416.912(a). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will determine the claimant is not disabled. *Id.* at § 416.920(a)(4)(ii) and (c). At the second step, the ALJ determined Parker has the following severe impairments: depression, borderline intellectual functioning, hiatal hernia, and osteoarthritis status post history of lower extremity fractures. (R. 21).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(a)(4)(iii) & (d). The claimant bears the burden of proving his impairment meets or equals one of the Listings. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant's impairment meets or equals one of the Listings, the Commissioner will determine the claimant is disabled. 20 C.F.R § 416.920(a)(4)(iii) and (d). At the third step, the ALJ determined Parker did not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings. (R. 21-24).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC")

before proceeding to the fourth step. 20 C.F.R. § 416.920(e). A claimant's RFC is the most he can do despite his impairment. *See id.* at § 416.945(a). At the fourth step, the Commissioner will compare the assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at § 416.945(a)(4)(iv). "Past relevant work is work that [the claimant] [has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 416.960(b)(1). The claimant bears the burden of proving that her impairment prevents him from performing her past relevant work. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant is capable of performing his past relevant work, the Commissioner will determine the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv) & (f).

Before proceeding to the fourth step, the ALJ determined Parker has the RFC to perform a limited range of light work. (R. at 24). More specifically, the ALJ found Parker had the following limitations with regard to light work, as defined in 20 C.F.R. § 416.967(b):

> he can only lift up to 20 pounds occasionally and 10 pounds frequently; he can carry up to 20 pounds occasionally and 10 pounds frequently he can sit for up to six hours in an eight-hour workday; he can stand for up to six hours in an eight-hour workday; he can walk for up to six hours in an eight-hour workday; he can push and pull as much as he can lift or carry; he can frequently climb ramps and stairs; he can occasionally climb ladders, ropes and scaffolds; he can frequently stoop, kneel, crouch and crawl; he should be limited to performing simple, routine tasks; and he can have occasional contact with co-workers and supervisors. Occasional contact with co-workers

6

and supervisors is defined as the ability to work in proximity to others, but not on team positions. The claimant can respond appropriately to the public and can have occasional contact with the general public.

(*Id*.). At the fourth step, the ALJ determined Parker was capable of performing his past relevant work as a hand packager. (*Id.* at 26). With this determination, the inquiry ended because if the claimant is capable of performing other work, the Commissioner will determine the claimant is not disabled. *Id.* at § 416.920(a)(4)(v) and (g)(1). The ALJ found Parker had not been under a disability as defined by the SSA since April 27, 2015. (R. 26).

## III. Standard of Review

Review of the Commissioner's decision is limited to a determination whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine whether the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence

is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

Parker makes three[6] arguments in favor of remand. First, he contends the Appeals Council failed to review new, material and chronologically relevant evidence by Plaintiff's treating physician. Second, Parker argues the ALJ's finding that Parker can perform his past relevant work is not supported by substantial evidence and not in accordance with proper legal standards. Finally, he asserts the

---

[6] Plaintiff's brief actually lists four "errors of law," but two of the four deal with the new evidence submitted to the Appeals Council. The court combines those two alleged errors in its discussion.

8

ALJ erroneously rejected the opinion of an examining consultative psychologist and substituted her own opinions for that of the medical experts. The court addresses each argument below.

### A. Evidence Submitted to Appeals Council

Parker argues that the Appeals Council failed to adequately consider the additional evidence he submitted along with his request for review. (Doc. 9 at 14-23). The Commissioner argues that the Appeals Council did not err in failing to consider the evidence because the evaluation did not create a reasonable probability of changing the outcome of the ALJ's decision. (Doc. 14 at 6-9). The court agrees with the Commissioner.

As a general matter, a claimant is entitled to present evidence at each stage of the administrative process. *Hargress v. Comm'r of Soc. Sec.*, 883 F.3d 1302, 1308 (11th Cir. 2018). If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant. *See Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Evidence is material if a reasonable possibility exists that the evidence would change the administrative result. *Washington*, 806 F.3d at 1321. New evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b), 416.1470(b) (2016). The

Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence," including the new evidence. *Ingram*, 496 F.3d at 1261 (quotation marks omitted).

At issue here is a physical capacity evaluation by a treating physician, Larry Scarborough, dated October 27, 2017, that Parker submitted to the Appeals Council. (Doc. 9). The one-page form describes Parker's conditions as "osteopenia with back/knee pain; limits his ability to move fast. Slow learner all of life – Depression, sees mental health." (R. 7). The form describes Parker's side effects with his medication as "none yet" with his back and knee pain medications, his previous medications upset his stomach, and that his depression medications make him sleepy. (*Id*.). As far as limitations, the physical capacities form states Parker can sit for one hour, stand for less than 15 minutes, and would be expected to lay down, sleep or sit with legs propped for 3 hours in an 8-hour day. (*Id*.). It further states Parker would be expected to be off task 10% in an 8-hour day and would miss 5 days in a 30-day period due to physical symptoms. (*Id*.). The form states the limitations exist back to 3/22/12 and are expected to last 12 or more months. (*Id*.). The Appeals Council concluded that this new evidence was not relevant and "did not consider and exhibit the evidence." (R. 2).

The court agrees with the Appeals Council that the physical capacities evaluation form is not material evidence because there is no reasonable probability

that the new evidence would change the administrative result. Specifically, the opinions marked on the form are not supported by Dr. Scarborough's treatment records, consisting of one visit on March 18, 2016, where Parker presented with a hernia. (R. 284-91). Those notes indicate Parker described his hernia as "aching," and reported "[s]ome discomfort walking" due to the pins in his right hip. (R. 284). On physical examination, Dr. Scarborough noted some abdominal tenderness present and positive for hernia. (R. 287). He also noted that Parker's right hip hurt with pivoting, decreased range of motion and a little limp when walking. (R. 288). His pain was characterized as a zero out of ten. (R. 289). Dr. Scarborough diagnosed Parker with chronic lower abdominal pain, ventral hernia, hypertension, hyperlipidemia, and tobacco use. (R. 288). He also gave Parker dietary education and encouraged him to exercise. (*Id*.).

Simply put, this March 18, 2016 treatment note does not support the conclusions on the October 27, 2017 physical capacities form. There is no indication that Dr. Scarborough saw Parker in the intervening nineteen months or that he reviewed any records from the relevant period. As such, the court concludes the form by Dr. Scarborough would not have changed the administrative result and was not material evidence. Accordingly, the Appeals Council did not err and it was not required to consider it. Because of this conclusion, the court does

not address Parker's argument that the denial of benefits was erroneous when this new evidence is considered. (Doc. 9 at 34-35).

### B. Past Relevant Work

Parker argues that the ALJ failed to adequately develop the record as to the physical requirements of his past work. (Doc. 9 at 23-29). The Commissioner responds that the ALJ adequately considered Parker's prior work history, including the VE's testimony and the DOT, and substantial evidence supports the ALJ's determination that Parker could perform his past relevant work. (Doc. 14 at 14-17). The court agrees with the Commissioner for the following reasons.

"The ALJ has a basic duty to develop a full and fair record." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). Where "there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered," the ALJ "cannot properly determine" the nature of the claimant's past work, and, therefore, cannot say whether the claimant is still able to perform that work given his current limitations. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). The Eleventh Circuit has remanded for further inquiry, for instance, where the record contained "no evidence concerning whether [the claimant] used equipment, the size and weight of items she was required to use, whether she scrubbed floors or

merely dusted, or whether she was required to move furniture" in her past work. *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986).

Here, the record contains evidence regarding the demands of Parker's past work as a hand packager. Parker completed a "Work History Report" as part of his application. (R. 171-74). For each of his former jobs, the form instructed him to answer a series of questions, including, but not limited to:

- "Describe this job. What did you do all day?"
- "In this job, how many total hours each day did you: Walk? Stand? Sit? Climb? Stoop? (Bend down and forward at waist) Kneel? (Ned legs to rest on knees) Crouch? (Bend legs & back down & forward) Crawl? (Move on hands & knees) Handle, grab or grasp big objects? Reach? "Write, type of handle small objects?"
- "Explain what you lifted, how far you carried it, and how often you did this."

(*Id*. at 172-74). The form also asked Parker to indicate for each job the "heaviest weight lifted," as well as the weight most "frequently lifted . . . from 1/3 to 2/3 of the workday." (*Id*.).

With regard to the hand packager job, Parker answered all these questions indicating, for instance, that he walked for 4 hours, stood for 3 hours, and sat for 1 hour each day. (*Id*. at 173). He handled small objects, but did not stoop, kneel, crouch, crawl, or handle, grab or grasp big objects. (*Id*.). The heaviest weight he lifted, including frequently lifted, was less than 10 pounds. (*Id*.).

At the hearing, the ALJ questioned Parker about his past work. (R. 35-37). Parker testified at the hearing that he worked at a plant where they made parts of

cars.⁷ (R. 36). In that job he "stacked parts" and "placed parts and things" in baskets. (*Id*.). Additionally, the ALJ asked the vocational expert to give "a vocational profile of the prior work of" Parker. (R. 47). While the vocational expert did not explicitly describe the tasks of a hand packager, she classified this job as "light physical demand level with an SVP: 2 unskilled" and referred the ALJ to the listing for the job in the Department of Labor's Dictionary of Occupational Titles ("DOT"). (*Id*.). *See* 20 C.F.R. § 416.960(b)(2) (stating that an ALJ may consult a "vocational expert" and the "Dictionary of Occupational Titles" at Step Four). The DOT contains detailed descriptions of the duties and physical requirements associated with each occupation, as generally performed in the economy.

Recently, in a case very similar to the one at issue, the Eleventh Circuit concluded that "[t]he Work History Report, testimony of [claimant] and the vocational expert, and the DOT combine to paint a full picture of [claimant]'s past relevant work . . . " and found that such evidence sufficient to compare the claimant's current abilities to the demands of her previous employment. *Holder v. Social Security Admin.*, 2019 WL 1934187, at * 4 (11th Cir. May 1, 2019). The ALJ here had the same information before her in making the determination that

---

⁷ The VE characterize this job as a "hand packager" job. (R. 47).

Parker could return to his past work. The court finds that this determination is supported by substantial evidence and Plaintiff is not entitled to any relief.[8]

## C. Rejection of Consultative Psychologist Examination

Parker next contends that the ALJ erred when she gave little weight to the findings of Dr. Jack L. Bentley, a consultative psychologist, regarding his estimate of Parker's intellectual abilities in evaluating Parker's mental RFC. (Doc. 9 at 29-33). The Commissioner responds that the ALJ properly weighed the medical opinions, including that of Dr. Bentley. (Doc. 14 at 9-14). The court agrees with the Commissioner.

When evaluating medical opinions, an ALJ "must state with particularity the weight given to different medical opinions and the reasons therefore." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Some medical opinions are weightier than others: "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary," but the opinion of a one-time examiner is "not entitled to great weight."

---

[8]Alternatively, the court finds that any purported failure by the ALJ to specifically address Parker's relevant work history in her opinion is harmless and not a cause for reversal or remand for the reasons stated above. There was plenty of evidence in the record regarding Plaintiff's past work history and the demands of the jobs. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (holding that the complained-of error was harmless because it did not have an impact on the step being challenged); *Reeves v. Heckler*, 734 F.2d 519, 524 (11th Cir.1984) (rejecting a challenge to an ALJ's conclusion as harmless error when the ALJ had considered the relevant evidence in making the disability determination); *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) ("To the extent that an administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination.").

15

*See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) ). Reasons to assign little weight to a medical opinion include "when the evidence supports a contrary conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

The ALJ did not err when she assigned little weight to the opinion of consultative psychologist Dr. Bentley. The ALJ specifically articulated the reason for giving little weight to Dr. Bentley's findings regarding Parker's intellectual ability as: "They are not consistent with the treatment records from CED Mental Health Center" which "has had a long-term relationship with the claimant." (R. 22). Dr. Bentley examined Parker one time, on February 2, 2012, and diagnosed Parker with mild mental retardation, among other things. (R. 259-62). As noted by the ALJ, Dr. Bentley's report does not explain this diagnosis. (*Id.*; R. 22). Additionally, the ALJ properly reviewed all the medical opinions in the record, including those from the CED Mental Health Center. Although not contemporaneous with Dr. Bentley's examination, those records show a diagnosis of borderline intellectual functioning and/or mild intellectual impairment. (R. 268, 312). The ALJ is permitted to attach more weight to the medical professionals at the CED Mental Health Center, where he was treated numerous times and over a longer period of time, than to Dr. Bentley, who examined Parker once. *See* 20

16

C.F.R. § 404.1527(c)(2); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (a one-time examiner need not be given deference by the Commissioner).

## V. Conclusion

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's decision is supported by substantial evidence and in accordance with applicable law. Therefore, the court finds that the ALJ's decision is due to be **AFFIRMED**. A separate order will be entered.

**DATED** this 8th day of July, 2019.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge